1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | CASE NO. 10cr1796 WQH |
| 12                          Plaintiff, | ORDER |
| 13        vs. | |
|      CARLOS ROGELIO LOPEZ-LOPEZ, | |
| 14                          Defendant. | |

15

16   HAYES, Judge:

17        The matter before the Court is the motion for sanctions due to failure of the government

18   to promptly provide requested discovery and to invalidate removal order filed by the

19   Defendant Carlos Rogelio Lopez-Lopez.  ECF No. 20.

20                          **BACKGROUND FACTS**

21        On June 2, 1995, Defendant entered a plea of nolo contendere to a charge of Unlawful

22   Taking of a Vehicle, in violation of Cal. Vehicle Code § 1085(A).  Defendant was sentenced

23   to serve a year and four months in custody.

24        On April 16, 2008, the Defendant was convicted of Receiving Stolen Property, Motor

25   Vehicle, in violation of Cal. Penal Code § 496d(a) in the Superior Court of Los Angeles

26   County, and sentenced to three years in custody.

27        On or about September 21, 2009, the United States Department of Homeland Security

28   issued a Notice to Appear in removal proceedings under section 240 of the Immigration and

Nationality Act.  The Notice to Appear charged that the Defendant was subject to removal from the United States on the grounds that he had been "convicted of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct."  ECF No. 14-2 at 2.  The Notice to Appear alleged that the Defendant is not a citizen of the United States; that he is a native and citizen of Mexico, and that he was admitted  to the United States on or about November 23, 1992 as a Lawful Permanent Resident.  The Notice to Appear alleges that the Defendant was convicted on June 14, 1995 in the Superior Court of California of UNLAWFUL DRIVE/TAKE VEHICLE in violation of Section 10851(A) of the California Vehicle Code and sentenced to one year and four months incarceration; and that on April 16, 2008 the Defendant was convicted of RECEIVE STOLEN PROPERTY/MOTOR VEHICLE, in violation of Section 496(A) of the Penal Code of California and sentenced to three years incarceration.  *Id.* at 4.  Defendant signed the request for a prompt hearing contained on the Notice to Appear.  *Id.* at 3.

On September 24, 2009, after the conclusion of his state sentence, Defendant was transferred to the Bakersfield County jail where he remained for eight days.  Defendant was then transferred to the Immigration Detention Center in El Paso, Texas.

On October 28, 2009, the Defendant appeared at an immigration hearing before an immigration judge at the Immigration Detention Center.  At the immigration hearing, an amended allegation was filed stating that  he was subject to being taken into custody and deported pursuant to "237(a)(2)A)(iii) of the Immigration and Nationality Act (Act) as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(G) of the Act."  *Id.* at 5.  Defendant agreed to the amendment and admitted that he was convicted as charged.  Based upon the Defendant's admission to the aggravated felony as alleged, the Immigration Judge found that the Defendant was not entitled to relief from deportation and ordered the Defendant deported to Mexico.  The Immigration Judge stated:  "You are free to file an appeal of that order if you like, or you can accept the order as final and binding today.  Tell me what you want to do."  Defendant responded: "I'll accept the order final, final."  *Id*. at 10.

1   On October 29, 2009, Defendant was deported through the San Ysidro Port of Entry.

2   On March 22, 2010, Defendant approached the pedestrian primary inspection area at

3   the Calexico West Port of Entry. The primary inspection officer ran Defendant's name in

4   TECS and a positive look-out came up, indicating that Defendant had been convicted of auto

5   theft in 1995 and receiving stolen property in 2008. Defendant was subsequently placed under

6   arrest.

7   On May 21, 2010, Defendant was indicted by the federal grand jury on charges that he

8   was a deported alien attempting re-entry into the United States in violation of Title 8, United

9   States Code, Sections 1326(a) and (b). During the prosecution of this case, Counsel for the

10  Defendant requested a copy of the audio recording of the October 28, 2009 removal hearing.

11  Counsel for the Government made inquiries and attempts to obtain the audio recording. The

12  audio recording was received by Counsel for the Government and made available to Counsel

13  for the Defendant on or about October 13, 2010.

14  Defendant subsequently filed the motion now before the Court on October 15, 2010.

15  Trial is scheduled for October 27, 2010.

16  **CONTENTIONS OF THE PARTIES**

17  Defendant contends that the Court should preclude the Government from introducing

18  evidence of his removal on October 28, 2009 as a sanction for failing to promptly produce the

19  audio tapes. In the alternative, Defendant asserts that the Court should invalidate the October

20  28, 2009 removal order on the grounds that the Immigration Service failed to honor his request

21  for a prompt hearing which resulted in prejudice to him.

22  The Government asserts that sanctions are not appropriate because the Government

23  Counsel acted in good faith at all times, the Government Counsel produced the audiotapes as

24  soon as they were available, and the Defendant suffered no prejudice from the delay. The

25  Government asserts that the Defendant received a prompt immigration hearing and that there

26  were no defects in the immigration proceedings.

27

28  **ANALYSIS**

10cr1796 WQH

1   <u>Request for sanctions</u>

2       Pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, the Defendant

3   is entitled to examine evidence which the Government intends to rely upon in its case-in-chief

4   prior to trial.  Defendant in this case was entitled to review the audio tapes of the immigration

5   hearing prior to trial.  *See United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir.

6   1998), *cert. denied* 525 U.S. 849 (1998) ("In a criminal prosecution under § 1326, the Due

7   Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review

8   of the underlying deportation.").  The Court concludes that there is no violation of Rule 16 in

9   this case.  The Government acted in good faith at all times.  Defendant was provided with the

10  audiotapes prior to trial and with sufficient time to file the motion to dismiss the indictment

11  for invalid deportation.

12      Defendant's request for sanctions is denied.

13  <u>Dismiss Indictment for Invalid Deportation</u>

14      In order to sustain a collateral attack under §1326(d), a defendant must, within

15  constitutional limitations, demonstrate (1) that he exhausted all administrative remedies

16  available to him to appeal his removal order, (2) that the underlying removal proceedings at

17  which the order was issued improperly deprived him of the opportunity for judicial review, and

18  (3) that the entry of the order was fundamentally unfair.  8 U.S.C § 1326(d).  An underlying

19  removal order is fundamentally unfair if: 1) an alien's due process rights were violated by

20  defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects.

21  *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004);  *United States v.*

22  *Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).

23      In this case, there are no grounds to support any claim that the underlying deportation

24  proceedings violated the defendant's due process rights.  The Defendant received the Notice

25  to Appear on September 21, 2009.  The deportation hearing took place on October 28, 2009

26  and the Defendant was deported on October 29, 2009.  The Court finds that the immigration

27  hearing was prompt.

28      Defendant contends that he was prejudiced by delay in his immigration hearing because

the initial charge in the Notice to Appear did not include the commission of an aggravated felony. Defendant asserts that he would have been eligible for voluntary departure prior to the filing of the additional charge of an aggravated felony at the October 29, 2009 immigration hearing.

The Notice to Appear dated September 21, 2009 alleged that the Defendant has been convicted of two crimes involving moral turpitude, specifically, unlawful drive/ take vehicle on June 14, 1995 and "RECEIVE STOLEN PROPERTY/MOTOR VEHICLE, in violation of Section 496(A) of the Penal Code of California" on April 16, 2008. ECF No. 14-2 at 4. At the immigration hearing, the Immigration Service amended the Notice to Appear to allege that the Defendant "had been convicted of an aggravated felony as defined in Section 101(a)(43)(G) of the Act." *Id.* at 5. Defendant was advised of the amended charge and agreed to the amendment. The amendment was procedurally proper and based solely upon an allegation contained in the Notice to Appear. *See* 8 C.F.R. 1003.30 ("at any time during the deportation or removal proceedings, additional or substituted charges of deportability and-or factual allegations may be lodged by the Service in writing"). The allegation on October 28, 2009 did not contain any new information was based solely upon the charge in the Notice to Appear that "You were, on April 16, 2008, convicted in the Superior Court of California in and for the County of Los Angeles for the offense RECEIVE STOLEN PROPERTY/MOTOR VEHICLE, in violation of Section 496D(A) of the Penal Code of California." ECF No. 14-2 at 4.

The Court of Appeals for the Ninth Circuit has held that "a conviction for receipt of a stolen vehicle under section 496d(a) of the California Penal Code constitutes a conviction for an aggravated felony." *Alvarenz-Reyaga v. Holder,* 596 F.3d 534, 537-38 (9th Cir. 2009). In this case, the Defendant was convicted of a violation of Cal. Penal Code Section 496d(a) on April 16, 2008 and received a sentence of three years imprisonment. This conviction makes the Defendant removeable under 8 U.S.C. § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal under 8 U.S.C. §1229b(a)(3). The Defendant conviction for "RECEIVE STOLEN PROPERTY/MOTOR VEHICLE, in violation of Section 496(A) of the Penal Code of

California" was an aggravated felony on September 21, 2009 and on October 29, 2009.  The Court concludes that the Defendant suffered no prejudice from delay in the immigration hearing and that the Defendant did not suffer any due process violation in the immigration proceedings.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for sanctions due to failure of the government to promptly provide requested discovery and to invalidate removal order ECF No. 20 is denied.

DATED:  October 27, 2010

**WILLIAM Q. HAYES**
United States District Judge